Milford C. Berner and Ruth M. Berner v. Commissioner.
Berner v. Commissioner
Docket Nos. 78937 and 84191.
United States Tax Court
T.C. Memo 1961-23; 1961 Tax Ct. Memo LEXIS 319; 20 T.C.M. (CCH) 107; T.C.M. (RIA) 61023; January 31, 1961
*319 1. Amounts advanced by petitioners to corporations in which they owned stock held to be nonbusiness bad debts in the years the corporations became insolvent. 2. Amounts paid by one of petitioners as guarantor of notes of a corporation in which he was a stockholder held to be nonbusiness bad debt in year the corporation became insolvent. 3. Travel expenses paid by one of petitioners for transaction of corporate business for which he was not reimbursed because of financial condition of corporation, held not to be deductible expenses of petitioner. 4. Amount paid by one of petitioners as dissolution fee, and franchise taxes, and penalty and interest thereon of defunct corporation of which he had been a stockholder and director, held not to have been shown to be deductible by him. Milford C. Berner, pro se, 240 Winwood Dr., Lake Forest, Ill. Nelson E. Shafer, Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: The Commissioner determined deficiencies in petitioners' income tax for the calendar years 1955 and 1957 in the amounts of $504.21 and $266.83, respectively. The issues for decision are: (1) Whether the Commissioner *320 is correct in considering the amount of $2,350 deducted in full by petitioner in 1955 as a loan to a corporation which had become insolvent to be a nonbusiness bad debt; (2) whether respondent properly determined the amount of $1,413.58 deducted by petitioner in 1957, [1] of which $1,238.58 represented amounts paid as guarantor or cosigner of notes of Valley Motor Sales, Inc., and $175 represented expenses of that corporation to be a nonbusiness bad debt; (3) whether petitioner is entitled to a deduction of $235.40 or any part thereof in the year 1957 as travel expenses; and (4) whether petitioner is entitled to a deduction in 1957 in the amount of $137 because of payments made by him in that year of dissolution fees, Missouri State corporation franchise taxes, penalties and interest thereon of a dissolved corporation of which he was a 50 per cent shareholder. [2]
*321 Findings of Fact Some of the facts have been stipulated and are hereby found accordingly. Petitioners are husband and wife who, for the calendar years 1955 and 1957, filed joint Federal income tax returns on a cash receipts and disbursements basis with the district director of internal revenue at Chicago, Illinois. Petitioners, during the years here involved and for several years prior thereto, jointly owned approximately 50 per cent of the outstanding capital stock authorized and issued by Eastern States Sales, Inc., a corporation organized and incorporated under the laws of the State of Missouri. Eastern States Sales, Inc., was engaged in the business of distribution under franchise of a soft drink which was manufactured on the west coast. During the taxable years here involved petitioners jointly owned approximately 49 per cent of the outstanding capital stock authorized and issued by Valley Motor Sales, Inc., a corporation organized and incorporated under the laws of the State of Illinois and engaged in the automobile sales and service business. At no time during the years involved was petitioner, Ruth M. Berner, engaged actively or otherwise in the business activities *322 of either Eastern States Sales, Inc., or Valley Motor Sales, Inc. Petitioner, Milford C. Berner, hereinafter referred to as petitioner used in the singular, was a member of the board of directors of both Eastern States Sales, Inc., and Valley Motor Sales, Inc. In his capacity as a director petitioner attended board meetings of each corporation at such times as they were called which was approximately four times a year. Petitioner received no salary from either of these corporations as a director thereof. During the summer of 1956 petitioner managed Valley Motor Sales, Inc., for approximately 2 weeks during the absence of a regular and duly appointed manager. Other than as a director and temporary manager as heretofore stated, petitioner was not engaged in the activities of either Eastern States Sales, Inc., or Valley Motor Sales, Inc. During 1955, petitioner was employed on a full-time basis as a zone sales manager for American Motors Corporation, Hudson Motors Division, in Chicago, Illinois. During the year 1956 petitioner was transferred to Dallas, Texas, where he was employed throughout the balance of the year 1956 and until September 1957 on a full-time basis as a zone sales *323 manager for American Motors Sales Corporation, and during a part of this time on a part-time basis as an encyclopedia salesman. From September 1957 until the end of that year petitioner was employed by an accounting firm and by an insurance service company. Between July 1, 1954 and January 20, 1955, petitioner made loans to Eastern States Sales, Inc., in the aggregate amount of $2,350. Subsequent to January 20, 1955, but during the calendar year 1955, Eastern States Sales, Inc. became insolvent and ceased doing business. During the calendar year 1957 petitioner paid to the State of Missouri for the then defunct Eastern States Sales, Inc., the sum of $137, of which $5 covered a dissolution filing fee, and the other $132 represented one-half of the firm's accrued and unpaid liability for franchise taxes, penalties and interest. Petitioner paid these amounts upon the advice of the attorney who had organized the corporation. The attorney advised petitioner that in his opinion petitioner was liable as an individual for the dissolution fee, franchise taxes, penalties and interest. During the year 1957 petitioner paid the amount of $175 representing a liquidation fee of Valley Motor Sales, *324 Inc. At the time Valley Motor Sales, Inc., went into liquidation the book value of its assets exceeded its liabilities but the corporation's assets had been attached and there were no unencumbered assets with which to pay the dissolution fee. Petitioner, at the time he paid the $175, expected to be reimbursed by the corporation for this payment in the final liquidation. Valley Motor Sales, Inc., had borrowed money from one J. Bonavia. Petitioner and the other stockholders of the corporation had cosigned or endorsed the corporation's notes. In 1957 petitioner paid $785 on his guarantee of the Valley Motor Sales, Inc., notes to J. Bonavia. Petitioner and the other stockholders had also endorsed the notes of Valley Motor Sales, Inc., to a bank, and during 1957 petitioner paid $453.58 on his guarantee of the notes of Valley Motor Sales, Inc., to the bank. The $785 and $453.58 represented petitioner's proportionate share of the total amount unpaid on the notes when the guarantors were required to pay them. The balance of the unpaid amounts on the notes was paid by the other guarantors. During the year 1957 Valley Motor Sales, Inc., became bankrupt and had no assets from which the amounts *325 paid by petitioner on its behalf could be collected. In December 1956 the other directors of Valley Motor Sales, Inc., requested petitioner to come from Dallas, Texas to Elgin, Illinois for a meeting of the board of directors of Valley Motor Sales, Inc., to explore the possibility of raising money to keep the corporation in business. Petitioner informed the other directors that he could not afford to come from Dallas to Elgin for the meeting of the board of directors and they advised him to advance the cost of the trip and that he would be reimbursed therefor by the corporation. In December 1956 petitioner paid $117.70 as round trip plane fare from Dallas to Chicago and return. In December 1956 petitioner submitted an expense voucher to Valley Motor Sales, Inc., for reimbursement of this $117.70. In the early part of 1957 Valley Motor Sales, Inc., went into receivership and petitioner was never reimbursed for the $117.70 spent in travel from Dallas to Chicago in December 1956. In the early part of 1957 petitioner, at the request of the other directors of Valley Motor Sales, Inc., made a trip from Dallas, Texas where he was then employed by American Motors Corporation to Elgin, *326 Illinois to sign certain papers in connection with the liquidation of Valley Motor Sales, Inc. The accountant and the attorney for Valley Motor Sales, Inc., spoke with petitioner on the telephone and demanded that he come to Elgin, Illinois, to sign the dissolution papers. Petitioner came from Dallas to Elgin and signed the papers on a Sunday and went back to Dallas on Sunday night in order to be at his work with American Motors Corporation on Monday. Petitioner spent $117.70 for round trip plane fare from Dallas to Chicago. Petitioner considered this trip to be in connection with the corporate business of Valley Motor Sales, Inc., but did not submit a voucher for reimbursement for the cost thereof because of the financial condition of the corporation. Petitioner, on his 1957 income tax return, claimed as deductible travel expenses the amount of $235.40 representing the cost of the trip from Dallas, Texas to Chicago, Illinois and return in December 1956 and the trip in the early part of 1957. [3]
The amount of $2,350 advanced by petitioner to Eastern *327 States Sales, Inc. from July 1, 1954, through January 20, 1955, is a nonbusiness bad debt which became worthless in 1955. The amount of $1,413.58, composed of a payment in 1957 of expenses of Valley Motor Sales, Inc., in the amount of $175 and the amounts of $785 and $453.58 which petitioner was required to pay as guarantor of notes of Valley Motor Sales, Inc., is a nonbusiness bad debt which became worthless in the year 1957. No part of the $235.40 representing the cost of the trips in December 1956 and early 1957 from Dallas to Chicago and return has been shown to be an ordinary and necessary business expense of petitioner. The amount of $137 paid by petitioner as a dissolution fee for Eastern States Sales, Inc. and as franchise taxes, penalties and interest of the corporation has not been shown to be a payment of taxes imposed upon petitioner. Opinion Petitioner contends that the businesses of Eastern States Sales, Inc., and Valley Motor Sales, Inc., were in effect his businesses and that when these corporations were unable to repay his loans or advances to them he suffered a business loss or business bad debt. The record clearly shows that both these corporations were entities *328 separate and apart from petitioner. They were organized for and carried on businesses distinct from that of petitioner. The businesses of these corporations were not petitioner's trade or business. . Petitioner's advances and loans to these corporations were not made in carrying on his trade or business even though they may have been made because of petitioner's business interest in the corporations. Petitioner does not contend that he was engaged in the business of lending money to corporations. The amounts of the loans or advances were not business losses or bad debts of petitioner, but upon becoming worthless in 1955 and 1957 constituted nonbusiness bad debts as determined by the affd. (C.A. 4, 1960). Cf. . Likewise, the amounts petitioner was required to pay as cosigner or guarantor of notes for amounts loaned to Valley Motor Sales, Inc., constituted nonbusiness bad debts, as determined by the respondent, when they became worthless in 1957. , *329 affirming , affirming a Memorandum Opinion of this Court. In the notice of deficiency respondent determined that the $175 which petitioner advanced to Valley Motor Sales, Inc., in 1957 was a nonbusiness bad debt of petitioner in that year. On brief, respondent argues that this advance by petitioner to Valley Motor Sales, Inc., did not constitute a bona fide debt when created and, therefore, did not constitute even a nonbusiness bad debt. This new issue, having been raised by respondent for the first time on brief, is not properly before us for consideration. . In 1956 when petitioner spent $117.70 of his money to travel from Dallas, Texas, to Chicago, Illinois for a meeting of the board of directors of Valley Motors Sales, Inc., he had an understanding that this amount constituted an advance by him to the corporation for which he would be repaid or reimbursed. When the financial condition of the corporation worsened in 1957 to the extent that it was unable to repay the $117.70, the amount of this advance by petitioner, as the other advances made by him, constituted a nonbusiness bad debt. In 1957 petitioner *330 paid his own traveling costs of $117.70 from Dallas, Texas to Chicago, Illinois and return without claiming reimbursement therefor from the corporation. He recognized that this expenditure was for corporate business purposes, but the financial condition of the corporation was such that he did not claim reimbursement for this expenditure. The fact that petitioner did not claim reimbursement for his expenditure of an amount which was, in fact, an expense of the corporation does not convert the amount to a deductible expense for petitioner. , affirming a Memorandum Opinion of this Court, Petitioner is not entitled to a deduction of any portion of the $235.40 claimed as traveling expenses in 1957. In 1957 petitioner paid the amount of $137 to the State of Missouri for Eastern States Sales, Inc., which was then defunct. Of the total amount so paid, $5 represented a dissolution fee and the other $132 represented petitioner's portion of the franchise taxes, penalties, and interest for the defunct corporation. Petitioner paid this amount on the advice of his counsel that he was liable therefor. Generally speaking, fees are not deductible *331 as taxes paid and would be deductible at all only if they represented a business expense. Cf. . The evidence here fails to show any basis for petitioner's deduction of the $5 paid for the dissolution fee of Eastern States Sales, Inc. As a general rule, taxes are deductible only by the person on whom they are imposed. Petitioner has not cited any law of the State of Missouri which imposed a personal liability on him either as a stockholder or director for taxes of the defunct corporation, nor have we found any such provision of the Missouri law. The amounts paid by petitioner for taxes of Eastern States Sales, Inc., are not deductible by him. (C.A. 6, 1958), affirming in this regard a Memorandum Opinion of this Court, and affirmed on another issue . Since petitioner is not entitled to a deduction for the taxes paid, he is not entitled to a deduction for the interest paid thereon. Cf. (C.A. 5, 1960). There is no evidence in the record as to what portion of the amount paid by petitioner represents penalty *332 or why a penalty was imposed upon the corporation. Petitioner has failed to prove that he is entitled to any deduction for the amount of the $137 payment representing a penalty. The respondent's disallowance of petitioner's claimed deduction for the amount paid by him as dissolution fee, taxes with penalty, and interest thereon of Eastern States Sales, Inc., is sustained. Because of the concession by respondent that petitioner's income as determined in the notice of deficiency for 1957 is overstated by $20. Decision will be entered under Rule 50. Footnotes
1. Respondent, in the notice of deficiency, added back to income as a disallowed business bad debt deduction the amount of $1,433.58 but now concedes that the deduction claimed by petitioner was only $1,413.58 and that petitioners' income was thus overstated in the deficiency notice to the extent of $20. ↩
2. Petitioner claimed a deduction of $138 but he concedes that he inadvertently overstated the amount paid $1by and that the amount paid was actually $137.↩
3. Petitioner has made no claim for expenses on either of these trips for traveling from Chicago, Illinois, to Eligin, Illinois.↩